IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Cecil Simmons, <br> a/k/a Cecil Allen Simmons, <br><br> Plaintiff, <br><br> v. <br><br> Director Jon Ozmint, Captain Brihart, <br> Hearing Officer Debra Row, Warden <br> Stan Burtt, in their individual capacities, <br><br> Defendants. | Civil Action No.: 6:08-cv-00860-RBH <br><br><br><br> **ORDER** |

Pending before the Court are (1) Plaintiff's "Dispositive Motions and Prisoner Petitions under Rule 72(b) of Fed.R.C.P." ("Rule 72(b) Motion") and (2) Plaintiff's "Objection to Report and Recommendation." These motions are before the Court upon the *pro se* Plaintiff's Complaint alleging violations of his constitutional rights under the Eighth Amendment. The record includes a Report and Recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b)(1)(B) (Supp. 2008). In the R&R, Magistrate Judge William M. Catoe recommends that the Court grant the Defendants' Motion for Summary Judgement and deny the Plaintiff's "Motion to Dismiss the Defendants' Motion for Summary Judgment." The Plaintiff filed timely objections to the R&R, and these matters are ripe for review.

**Procedural History and Factual Background**

The case was initiated on March 14, 2008. The Complaint sets forth claims for violations of the Plaintiff's Eighth Amendment rights because he had to wear a pink jumpsuit for one year

1

as a result of a sexual misconduct disciplinary infraction during his incarceration at Lieber Correctional Institution in the South Carolina Department of Corrections.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge William M. Catoe for pretrial handling. The Magistrate Judge issued an R&R on the pending motions on August 6, 2009, in which he recommended that summary judgment be granted in favor of the Defendants as to all of the Plaintiff's claims. The Plaintiff filed no objections to the R&R, and the Court entered an Order granting the Defendants' Motion for Summary Judgment and denying the Plaintiff's "Motion to Dismiss the Defendants' Motion for Summary Judgment."

On September 14, 2009, the Plaintiff filed a Motion for Reconsideration. The Court granted the Plaintiff's Motion for Reconsideration by Order dated November 4, 2009. On November 16, 2009, the Plaintiff filed Plaintiff's Rule 72(b) Motion, requesting that the Court "hear additional evidence not considered by the Magistrate Judge." The Plaintiff also timely filed Plaintiff's "Objection to Report and Recommendation" on November 16, 2009.

The facts in this case are set forth in detail in the R&R of the Magistrate Judge and do not need to be restated here. The Court hereby incorporates by reference pages 1 through 4 of the R&R. Report of Magistrate Judge, pgs. 1-4 [Docket Entry #89].

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the

Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982).

**Discussion**

I: Plaintiff's Rule 72(b) Motion

In Plaintiff's Rule 72(b) Motion, the Plaintiff requests that the Court "hear additional evidence not considered by the Magistrate Judge." According to Fed. R. Civ. P. 72(b)(3),

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

(emphasis added). Thus, a district judge has the *discretion* to consider additional evidence not presented to a magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.,* 227 F.3d 62, 72 (3d Cir. 2000). In fact, courts properly decline to consider new arguments or new evidence on reconsideration where those arguments or evidence were available earlier. *See Templet v. HydroChem Inc.,* 367 F.3d 473, 478-79 (5th Cir. 2004).

While various cases affirm the refusal to allow the late introduction of additional evidence, this Court has located no cases finding the refusal to accept additional evidence to be an abuse of discretion. *See, e.g., Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998) ("Consideration of

3

efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration, and we have upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's *de novo* review."). *But see United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) (criminal case finding error in district court's refusal to consider additional *arguments* not presented to the magistrate judge).

As such, Fed. R. Civ. P. 72(b) strikes a balance between judicial economy through the use of magistrate judges and ensuring review by an Article III judge. To allow parties to delay presentation of all of their evidence until after an adverse recommendation by a magistrate judge would defeat the purpose of the rule. Additionally, in this case there is no showing of good cause to allow further evidence.[1] Thus, the Court denies the Plaintiff's Rule 72(b) Motion to hear additional evidence.

## II. Plaintiff's Objection to the R&R

In his R&R, the Magistrate Judge concludes that the Plaintiff failed to show that prison officials, and specifically Defendant Brihart, acted with a sufficiently culpable state of mind concerning the Plaintiff's Eighth Amendment cruel and unusual punishment claims stemming from conditions of confinement. Further, the Plaintiff failed to establish supervisory liability by failing to allege that Defendants Burtt, Ozmint, or Rowe personally acted, failed to act, or were deliberately indifferent with regard to the Plaintiff's allegations. *See Wilson v. Seiter,* 501 U.S. 294, 302-03 (1991). The Plaintiff objects to these conclusions.

With regard to the Plaintiff's due process claims, the Magistrate Judge found that the

---

[1]The "additional evidence" offered by the Plaintiff is, to a great extent, irrelevant to the Plaintiff's Eighth Amendment violation allegations. To the extent that some of it is relevant, that evidence is not "additional," but simply a restatement of the facts and circumstances already fairly and accurately addressed by the Magistrate Judge in the R&R.

4

Plaintiff failed to demonstrate that he was deprived of life, liberty, or property by government action. Moreover, the Magistrate Judge found that the Plaintiff was provided with all of the procedural due process requirements of *Wolff v. McDonnell,* 418 U.S. 539, 563-72 (1974), and its progeny. The Plaintiff objects to the Magistrate Judge's findings and asserts that he was denied the right to call witnesses on his behalf at his disciplinary hearing. However, the Hearing Officer correctly denied the Plaintiff's request to have Sergeant Varn testify because Sergeant Varn was not present during the incident giving rise to the disciplinary hearing. *See Segarra v. McDade,* 706 F.2d 1301, 1304-05 (4th Cir. 1983) (refusal to allow inmate to call witness did not violate due process when inmate was familiar with disciplinary board and the witness's testimony was irrelevant).

With respect to the Plaintiff's claim of retaliatory transfer, the Magistrate Judge found that the Plaintiff's housing and movement are clearly calculated precisely for the purpose of increasing safety and security. Moreover, the Plaintiff has failed to show that, but for his constitutionally protected conduct, he would not have been transferred. *See Huang v. Board of Governors,* 902 F.2d 1134, 1140 (4th Cir. 1990).

Further, the Magistrate Judge found that the Plaintiff's pink jumpsuit allegation does not constitute cruel and unusual punishment prohibited by the Eighth Amendment because the Plaintiff has failed to come forward with any evidence that the Defendants have knowingly and unreasonably disregarded a substantial risk of serious harm to him by the continued enforcement of the disciplinary policy requiring inmates convicted of sexual misconduct to wear pink jumpsuits for a period of time. Moreover, the Plaintiff has failed to demonstrate that he suffered a serious or significant physical or mental injury as a result of wearing the pink jumpsuit. *See Strickler v. Waters,* 989 F.2d 1375, 1379 (4th Cir. 1993). The Magistrate Judge concluded that the pink

5

jumpsuit disciplinary policy is applied in good faith to maintain discipline and, therefore, is constitutional. *See Whitley v. Albers,* 475 U.S. 312, 320 (1986).

Finally, as to all of the Plaintiff's claims, the Magistrate Judge found that the Defendants were entitled to qualified immunity in their individual capacities.

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the Court agrees with the recommendations of the Magistrate Judge and finds that there are no genuine issues of material fact and that Defendants are entitled to summary judgment as a matter of law.

## Conclusion

Based on the foregoing, it is

**ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference; the Plaintiff's objections are overruled; the Defendants' Motion for Summary Judgment is granted; and the Plaintiff's "Motion to Dismiss the Defendants' Motion for Summary Judgment" is denied.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
December 4, 2009